Case 1:09-cv-00261-UNA   Document 3   Filed 02/10/09   Page 1 of 2

**FILED**
FEB 1 1 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL S. GORBEY,         :
                           :
       Plaintiff,          :
                           :
   v.                      :      Civil Action No. 09 0261
                           :
DISTRICT OF COLUMBIA, et al., :
                           :
       Defendants.         :

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be granted and the complaint will be dismissed.

The Hon. Gregory Jackson, Associate Judge of the Superior Court of the District of Columbia, presided over plaintiff's criminal case. According to plaintiff, Judge Jackson had "no authority[] or jurisdiction over any charge being prosecuted by the federal government," such that his actions were "illegal and outside his judicial capacity [sic]." Compl. at 3. In addition, Judge Jackson allegedly made erroneous rulings, refused to recuse himself, prevented plaintiff from availing himself of the assistance of counsel, and imposed a lengthy prison sentence. *See id.* at 4-7. For these alleged violations of rights protected under the United States Constitution, plaintiff demands damages totalling $22 billion. *Id.* at 7.

Judge Jackson enjoys absolute immunity from liability for damages for acts committed within his judicial jurisdiction. *See Mirales v. Waco*, 502 U.S. 9 (1991); *Forrester v. White*, 484 U.S. 219 (1988); *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). The prosecution of plaintiff's criminal case falls within his jurisdiction, as the Superior Court has jurisdiction over criminal cases under any law applicable exclusively to the District of Columbia. *See* D.C. Code § 11-923. In the District of Columbia, the United States Attorney for the District of Columbia



3

conducts criminal prosecutions in the name of the United States for any violation of criminal laws where the maximum term of imprisonment exceeds one year. *See* D.C. Code § 23-101. The fact that a federal prosecutor brought charges against plaintiff does not deprive the Superior Court of jurisdiction.

To the extent that plaintiff's claim goes to the fact of his confinement, he cannot recover damages in a civil rights action under 42 U.S.C. § 1983 without showing that his confinement has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *accord White v. Bowie*, 194 F.3d 175 (D.C. Cir. 1999) (table). Plaintiff has not satisfied this prerequisite and therefore fails to state a claim under Section 1983.

An Order consistent with this Memorandum Opinion will be issued separately on this date.

_____
United States District Judge

DATE: Jan. 27, 2009